## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | : Chapter 11 |
| TOBACCO ROAD ASSOCIATES, L.P., | : |
| | : Bankruptcy No. 06-20470 |
| Debtor | : |

### ANSWER OF TOBACCO ROAD ASSOCIATES, L.P.
### TO MOTION FOR RESCISSION OR FOR
### EXTENSION OF HEARING OF MAY 8, 2006

PRELIMINARY STATEMENT.

For the reasons stated in the Motion to Dismiss Voluntary Petition filed on April 26, 2006 herein (Motion to Dismiss) and in this Answer to the Motion to Rescind or Extend Hearing filed on May 2, 2006 (Motion to Rescind), Tobacco Road Associates, L.P. (TRA LP) is not represented by the Koresko Law Firm, but by Hartman Underhill & Brubaker LLP. TRA LP answers the Motion to Rescind or Extend the Expedited Hearing Scheduled for May 8, 2006 as follows:

1.   TRA LP opposes the request to rescind the Order of April 27, 2006, scheduling an expedited hearing on May 8, 2006.

2.   Denied that the Motion to Dismiss was not served pursuant to the Local Rules of Bankruptcy. TRA LP's request for expedited hearing was combined with its Motion to Dismiss Voluntary Proceeding pursuant to Local Bankruptcy Rule 5070-1(f)(3)

00438399.1

and (4). Local Bankruptcy Rule 904-2(a)(7) specifically permits requests for expedited consideration of a substantive motion to be considered ex parte. Service of the Motion to Dismiss, the proposed final Order and the prepared Order Scheduling Expedited Hearing were mailed by First Class Mail on the same day as the electronic filing of these documents upon Attorney Koresko, the Office of the United States Trustee and other parties-in-interest, pursuant to Local Bankruptcy Rule 9014-2(c). In addition, Attorney Koresko was sent an e-mail on April 27, 2006, at 9:55:45 a.m., advising him of the filing of the Motion and advising him that he could download the documents on the Court's electronic filing system. A copy of that e-mail is attached hereto as Exhibit A.

No courtesy copy of the Motion or proposed Order was delivered to the Court by expedited delivery and, therefore, Local Rule 9014(g)(2) is not implicated.

3. Denied. The Certificate of Service indicates proper service by United States mail.

4. Neither admitted nor denied because certificates of service do not show how courts receive motions. Moreover, the online docket confirms electronic filing.

5. Denied for the reasons stated above. Attorney Koresko was properly served pursuant to Local Rule 9014-2(c).

6. TRA LP does not know when the motion was received by Attorney Koresko or Attorney Bonney, but as previously stated, Attorney Koresko was advised on April 27, 2006, at 9:55:45 a.m. that the motion had been filed and could be downloaded.

00438399.1                                                                    2

7. Denied that there was defective service or any improper representations and therefore denied that the order for an expedited hearing should be rescinded.

8. TRA LP opposes an extension of time for hearing for the reason that the issues are simple and will not require a great deal of time to be presented to the Court.

9. Admitted that Attorney Bonney telephoned counsel for TRA LP on Monday, May 1. Denied that counsel for TRA LP informed Attorney Bonney that there would be numerous witnesses and numerous exhibits. Attorney Bonney was informed that there would be two or three witnesses and that the exhibits would be primarily the documents attached to the Motion to Dismiss.

TRA LP anticipates that it will call Attorney Timothy F. Sullivan, the attorney who prepared the documents for the transaction of July 12, 2005, in which Mr. Wilson relinquished all right, title or interest in TRA LP and its general partner TRA LLC.

TRA LP will also call Thomas V. Spano, the person who is the member and manager of the entities involved, namely, TRA LP, TRA LLC, Griffin Enterprizes, LLC, and Astral Enterprizes, LLC.

TRA LP will also call Frank Phillips, the vice president and treasurer of a number of Mr. Spano's businesses and who is in charge of paying bills.

The exhibits will be the primary documents in the law suit and lis pendens filed in the Court of Common Pleas of Lancaster County and the documents involved in the transaction of July 12, 2005.

10. Denied that Attorney Koresko or Attorney Bonney needs time to assemble evidence or obtain affidavits because the only issue is whether Attorney Koresko was authorized to file the petition for voluntary bankruptcy on behalf of TRA LP.

11. Admitted, except that TRA LP is not a proper debtor for the reasons set forth in the Motion to Dismiss.

12. Denied. TRA LP believes that the reference to non-existent entities is to Griffin Enterprizes, LLC and Astral Enterprizes, LLC. Attached hereto as Exhibits B and C are the registration documents for these entities. Attorney Bonney knows full well that they were properly in existence on July 12, 2005, because counsel for TRA LP faxed filing histories for Griffin and Astral Enterprizes, LLC to her on May 2, 2006. A copy of that fax is attached hereto as Exhibit D.

13. Denied that a trial is required because the only issue to be decided is whether Attorney Koresko was authorized to file a voluntary bankruptcy petition for TRA LP.

14. Not answerable because TRA LP has no knowledge of the allegations of this paragraph, but notes that both attorneys will be finished by Friday and available on Monday, May 8, 2006.

15. This paragraph is moot because the Court has scheduled a hearing on the Motion at 1:45 p.m. on May 8, 2006.

16. Admitted that this is a single asset real estate case, but denied that this fact compounds the issues under the Motion to Dismiss.

As to East Hempfield Township, the only documents in the possession of East Hempfield Township are documents provided by either Mr. Wilson or Attorney Koresko or by TRA LP, all of which are in the possession of Attorneys Koresko and Bonney.

17. Denied. As part of the development project at 191 Broad Street, Landisville, Pennsylvania, TRA LP obtained both conditional use approval from the East Hempfield Township Supervisors in August 2005 and variances from the East Hempfield Township Zoning Hearing Board in November 2005. Both these permissions will expire one year from the date of issuance.

18. Denied. Delay may lead to an inequitable result as a result of the delay of the project for the reasons set forth above and the delay in striking the lis pendens filed by Mr. Wilson. TRA LP believes that the motion to rescind or for an extension of time is simply an attempt to delay the resolution of both the lis pendens matter and the project. TRA LP points out that the issues in the lis pendens matter are the same as in the Motion to Dismiss, namely, the right of Mr. Wilson or Attorney Koresko or Mr. Spano to act on behalf of TRA LP and its general partner, TRA LLC. TRA LP submits that control of the partnership should be resolved in state court, where Mr. Wilson initially started suit and filed the lis pendens, before Wilson or Koresko are permitted to commence a bankruptcy on the partnership's behalf.

WHEREFORE, Tobacco Road Associates, LP respectfully requests that the Motion to Rescind or to Extend the Time of the Hearing Scheduled for May 8, 2006, be denied.

Respectfully submitted,

HARTMAN UNDERHILL & BRUBAKER LLP
Attorneys for Tobacco Road Associates, L.P.

Dated: 5\4\06

By: *(signature)*
Christopher S. Underhill, Esquire
Robert W. Pontz, Esquire
221 East Chestnut Street
Lancaster, PA 17602
(717) 299-7254